IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Drew Farms, a South Carolina General Partnership, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 4:08-cv-00131-TLW |
| Preston Farms, LLC, | ) ) | |
| Defendant. | ) ) ) | |

# ORDER

This action was tried before a jury in this Court from March 1, 2010 through March 3, 2010. On March 3, 2010, the jury returned a verdict against the defendant Preston Farms, LLC in the amount of $102,493.14. The Clerk of Court entered judgment in the amount of $102,493.14 against the defendant Preston Farms, LLC on March 5, 2010. (Doc. #65). The Clerk of Court taxed costs against the defendant Preston Farms, LLC in the amount of $1,598.10 on March 23, 2010. (Doc. #69).

This matter is now before the Court for consideration of the plaintiff's motion for prejudgment interest. (Doc. #67). The defendant filed a response in opposition to this motion on March 22, 2010, to which the plaintiff filed a reply on March 26, 2010. (Docs. #68, #70). In its motion, the plaintiff seeks an award of $22,454.49 in prejudgment interest.[1]

In a diversity action, such as the action now before this Court, state law governs an award of prejudgment interest. Liberty Mut. Ins. Co. v. Env't Res. Mgmt., Inc., 176 F. Supp. 2d 510

---

[1] This amount includes a credit for an earlier payment of $2,315.34 made by the defendant to the plaintiff, as outlined in the plaintiff's reply. (Doc. #70).

(D.S.C. 2001), Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 633 (4th Cir. 1999). The applicable statute in South Carolina provides that:

> [i]n all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent per annum.
>
> S.C. Code Ann. § 34-31-20.

South Carolina law "allows prejudgment interest on obligations to pay money from the time when, either by agreement of the parties or operation of law, payment is demandable, if the sum due is certain or capable of being reduced to certainty." Liberty Mut. Ins., 176 F. Supp. 2d at 540 (quoting APAC Carolina, Inc., v. Town of Allendale, South Carolina, 41 F.3d 157, 165 (4th Cir. 1994)). It has been further noted that "[a]s a general rule, prejudgment interest is not appropriate when a plaintiff seeks to recover unliquidated damages," however "the fact that the sum due is disputed does not render the claim unliquidated for the purposes of an award of prejudgment interest." Id. at 540-41 (internal citations omitted). Courts have held that "[t]he proper test for determining whether prejudgment interest may be awarded is whether or not the measure of recovery, not necessarily the amount of damages, is fixed by conditions existing at the time the claim arose," and that "[w]hen an otherwise unliquidated claim is capable of being reduced to certainty by a simple mathematical calculation, it can be considered liquidated for the purpose of awarding prejudgment interest." Id. at 541 (internal citations omitted).

The record indicates that the damages in this case were based on the total amount of popcorn delivered to the defendant by the plaintiff for which the plaintiff did not receive payment. This sum was capable of being calculated according to the express terms of the contract at the time of initial

2

delivery, or within a reasonable amount of time thereafter.[2] Thus, it appears that the damages stemming from the defendant's breach of contract were capable of being reduced to certainty according to the express terms of the parties' agreement. The defendant highlights the fact that the jury awarded ninety cents ($0.90) less in actual damages on the plaintiff's breach of contract claim than the plaintiff claimed was due at trial. The defendant asserts, therefore, that the jury did not award damages based on the sum payable under the contract, but by some other, unknown measure. However, the Court does not find this position persuasive.

In summary, after review of the parties' positions, it is reasonable to conclude that the damages in this case are based on the total amount of popcorn that was delivered to the defendant at a specified price pursuant to the terms of the parties' agreement. After careful consideration of the interest calculations, the Court concludes that the sum of prejudgment interest requested by the plaintiff in its reply is correct and appropriate. For this reason, the Court hereby **ORDERS** an award of prejudgment interest in the amount of **$22,454.49**.

**IT IS SO ORDERED**.

                                                                                s/ Terry L. Wooten  
                                                                        United States District Judge

May 18, 2010  
Florence, South Carolina

---

[2] The record at trial indicated that the popcorn was tested for such items as debris and moisture after delivery, and that the total number of pounds was discounted based on the debris and moisture content following testing.